Russell S. Thompson, IV (029098)
David N. McDevitt (030761)
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
602-388-8898
866-317-2674 facsimile
rthompson@consumerlawinfo.com
dmcdevitt@consumerlawinfo.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carolyn Mielke, *on behalf of herself and all others similarly situated,*<br><br>Plaintiff,<br><br>vs.<br><br>Blatt, Hasenmiller, Leibsker, & Moore, LLC,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT AND TRIAL BY JURY DEMAND** |

**NATURE OF ACTION**

1. Plaintiff Carolyn Mielke ("Plaintiff") brings this putative class action against Defendant Blatt, Hasenmiller, Leibsker, & Moore, LLC ("Defendant") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, on behalf of herself and all others similarly situated.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendant transacts business in this district.

**THE FAIR DEBT COLLECTION PRACTICES ACT**

4. Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

5. Because the FDCPA's goal is to protect consumers and ensure compliance by debt collectors, it is a strict liability statute, and "proof of a *single* FDCPA violation is sufficient to support summary judgment for the plaintiff." *Isham v. Gurstel, Staloch & Chargo, P.A.*, 738 F. Supp. 2d 986, 992 (D. Ariz. 2010) (emphasis in original).

6. A key provision of the FDCPA is § 1692g, which requires a debt collector to send, within five days of its initial communication with a consumer, a written "validation" notice that provides information regarding the debt and informs the consumer of his or her right to dispute the validity of the debt, or any portion thereof, within 30 days of receipt of the notice. *See* 15 U.S.C. § 1692g(a).

7. Specifically, this validation notice must contain a statement conveying the following information: "[I]f the consumer notifies the debt collector *in writing* within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy

of such verification or judgment will be mailed to the consumer by the debt collector."

15 U.S.C. § 1692g(a)(4) (emphasis added).

## PARTIES

8. Plaintiff is a natural person who at all relevant times resided in the State of Arizona, County of Pinal, and City of Apache Junction.

9. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

10. Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

11. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

12. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant.

13. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due, a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a personal credit card (the "Debt").

14. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

Class Action Complaint - 3

15. On November 10, 2014, Defendant sent Plaintiff an initial written communication requesting payment of an $18,083.99 balance (the "Letter").

16. A true and exact copy of Defendant's Letter is attached as Exhibit A.

17. The Letter states, in relevant part:

> If you notify this firm within thirty (30) days after your receipt of this letter, that the debt or any portion thereof, is disputed, we will obtain verification of the debt or a copy of the judgment, if any, and mail such verification or judgment to you. Upon your written request within the same thirty (30) day period mentioned above, we will provide you with the name and address of the original creditor, if different from the current creditor.

Exhibit A.

18. Defendant's Letter failed to disclose that Defendant would only be required to obtain verification of the debt or a copy of the judgment, if any, and mail a copy of such verification or judgment to the consumer if the consumer disputed the debt *in writing*. Exhibit A; *see* 15 U.S.C. § 1692g(a)(4).

19. Defendant did not send a written communication that contained the proper notice of Plaintiff's rights under § 1692g(a)(4) within five days of the initial communication.

**CLASS ALLEGATIONS**

20. Plaintiff repeats and re-alleges all factual allegations above.

21. Upon information and belief, the Letter is based on a form or template.

Class Action Complaint - 4

22. Upon information and belief, Defendant has used the same form or template that was used to create the Letter to send substantially similar or materially identical letters in an attempt to collect a debt from 50 or more individuals.

23. Plaintiff brings this class action on behalf of herself and all others similarly situated. Specifically, Plaintiff seeks to represent a class of individuals defined as:

> All consumers in the State of Arizona to whom Defendant, in the year prior to the filing of this complaint and in connection with the collection of any debt, sent an initial communication that failed to convey to the consumer that a dispute of the debt, or any portion thereof, had to be made in writing in order to obtain from Defendant verification of the alleged debt or a copy of the judgment against the consumer; and where Defendant did not send the disclosures required by § 1692g in a subsequent communication within 5 days of the initial communication.

24. The proposed class specifically excludes the United States of America, the State of Arizona, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Ninth Circuit, and the Justices of the United States Supreme Court, all officers and agents of Defendant, and all persons related to within the third degree of consanguinity or affection to any of the foregoing persons.

25. The class is averred to be so numerous that joinder of members is impracticable.

26. The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery.

27. The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendant.

28. There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) the existence of Defendant's identical conduct particular to the matters at issue; (b) Defendant's violations of the FDCPA; (c) the availability of statutory penalties; and (d) attorneys' fees and costs.

29. Plaintiff's claims are typical of those of the class she seeks to represent.

30. The claims of Plaintiff and of the class originate from the same conduct, practice, and procedure on the part of Defendant. Thus, if brought and prosecuted individually, the claims of the members of each subclass would require proof of the same material and substantive facts.

31. Plaintiff possesses the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

32. Plaintiff will fairly and adequately protect the interests of the class and has no interests adverse to or which directly and irrevocably conflict with the interests of other members of the class.

33. Plaintiff is willing and prepared to serve this Court and the proposed class.

34. The interests of Plaintiff are co-extensive with and not antagonistic to those of the absent class members.

35. Plaintiff has retained the services of counsel who are experienced in consumer protection claims, as well as complex class action litigation, will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members.

36. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(1)(B). The prosecution of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class who are not parties to the action or could substantially impair or impede their ability to protect their interests.

37. The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class, which would establish incompatible standards of conduct for the parties opposing the class. Such incompatible standards of conduct and varying adjudications, on what would necessarily be the same essential facts, proof and legal theories, would also create and allow the existence of inconsistent and incompatible rights within the class.

38. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) in that Defendant has acted or refused to act on grounds generally applicable to the class, making final declaratory or injunctive relief appropriate.

39. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the questions of law and fact that are common to members of the class predominate over any questions affecting only individual members.

40. Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint in that: (a) individual claims by the class members will be impracticable as the costs of pursuit would far exceed what any one plaintiff or class member has at stake; (b) as a result, very little litigation has been commenced over the controversies alleged in this Complaint and individual members are unlikely to have an interest in prosecuting and controlling separate individual actions; and (c) the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692g(a)(4)

41. Plaintiff repeats and re-alleges each and every factual allegation above.

42. The FDCPA requires a debt collector to send a consumer, either in the initial communication with the consumer or within five days thereafter, a written notice containing, among other requirements, "a statement that if the consumer notifies the debt collector *in writing* within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector."  15 U.S.C. § 1692g(a)(4) (emphasis added).

43. Defendant violated 15 U.S.C. § 1692g(a)(4) by failing to meaningfully convey to Plaintiff, both in its initial communication and within five days thereafter, that a dispute of the debt, or any portion thereof, needed to be made in writing in order to obtain verification of the alleged debt or a copy of a judgment against Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Defendant violated 15 U.S.C. § 1692g(a)(4) with respect to Plaintiff and the class she seeks to represent;

c) Awarding Plaintiff and the class she seeks to represent actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff such additional damages as the court may allow, but not exceeding $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i);

e) Awarding all other class members such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f) Awarding Plaintiff and the class she seeks to represent reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3) and Rule 23;

g) Awarding Plaintiff and the class she seeks to represent pre-judgment and post-judgment interest as permissible by law; and

h)  Awarding such other and further relief as the Court may deem just and proper.

**TRIAL BY JURY**

44. Plaintiff is entitled to and hereby respectfully demands a trial by jury.

Dated: May 28, 2015.                    Respectfully submitted,

<u>/s/ Russell S. Thompson, IV</u>
Russell S. Thompson, IV (029098)
David N. McDevitt (030761)
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
602-388-8898
866-317-2674 facsimile
rthompson@consumerlawinfo.com
dmcdevitt@consumerlawinfo.com

Attorneys for Plaintiff